UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★          ★
BROOKLYN OFFICE

ORIGINAL
$\mathcal{D} \varepsilon F$
$C / M$

---------------------------------------------------------x
UNITED UNION OF ROOFERS,
WATERPROOFERS & ALLIED WORKERS
LOCAL UNION NO. 8 W.B.P.A. FUNDS,

                 Plaintiffs,

   -against-

PLESCIA ROOFING, INC.,

                 Defendant.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 05-CV-5416 (FB) (SMG)

*Appearances:*
*For the Plaintiffs:*
JESSICA SUE ROTHBERG, ESQ.
16 Court Street
Brooklyn, New York 11241

**BLOCK, Senior District Judge:**

      Plaintiffs are employee-benefit trust funds ("the Funds") established pursuant

to a collective-bargaining agreement ("CBA") between Local 8 of the United Union of

Roofers, Waterproofers & Allied Workers ("the Union") and various entities that employ

members of the Union. In a complaint filed on November 17, 2005, the Funds allege that

defendant, Plescia Roofing, Inc. ("Plescia"), employed Union members, but has, since June

2005, failed to make contributions to the Funds as required by the CBA. As Plescia has

failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry

#5 (Clerk's Notation of Default dated June 6, 2006), the Funds now move for entry of a

default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

      A defendant's default is an admission of all well-pleaded allegations in the

complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L.*

*Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The Funds' allegations – now deemed admitted – that Plescia (1) employed Union members, (2) was required by the CBA to remit contributions to the Funds on behalf of those employees, and (3) has failed to do so since June 2005 are sufficient to establish a breach of the CBA and, by extension, a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Having established a violation of § 1145, the Funds are entitled to the following remedies:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of –

(i) interest on the unpaid contributions, or

> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> > (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> > (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of [the Internal Revenue Code]." *Id.*

The Funds' motion for entry of a default judgment is granted. The matter is referred to the assigned magistrate judge for determination of the relief to be awarded under 29 U.S.C. § 1132(g)(2).

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 2, 2006