**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
**UNITED UNION OF ROOFERS, WATERPROOFERS**
**& ALLIED WORKERS LOCAL UNION NO. 8**
**W.B.P.A. FUNDS,**

                             **Plaintiff,**

          -against-

**PLESCIA ROOFING, INC.,**

                           **Defendant.**
-------------------------------------------------------------------------X

**REPORT &**
**RECOMMENDATION**
**05-CV-5416 (FB)(SMG)**

**GOLD, S., U.S.M.J.:**

## Introduction

Plaintiff United Union of Roofers, Waterproofers, and Allied Workers Local Union No. 8 W.B.P.A. Funds ("Funds") brings this action under the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 *et seq.* and the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185 *et seq.* against defendant Plescia Roofing, Inc. Plaintiff alleges in its complaint that defendant failed to remit contributions to certain benefit funds required pursuant to its Collective Bargaining Agreement ("CBA").

## Background

The complaint in this action was filed on November 17, 2005, and defendant was served on November 19, 2005. Docket Entries 1-2. However, defendant failed to appear, and the Clerk of the Court entered a notation of default against defendant on January 13, 2006. Docket Entry 5. Plaintiff made a motion for a default judgment based on the allegations in the complaint. Docket Entry 4.

The complaint sets forth the following facts. Plaintiff "Funds" are administered by

trustees according to the provisions of the CBA and other agreements. Compl. ¶ 3. The trustees are responsible for managing the Funds, which provide certain fringe benefits to union employees. *Id.* ¶ 7. Defendant, an employer and signatory to the CBA, is bound to make contributions to specific funds covered by the CBA or by other agreements and memoranda. *Id.* ¶ 4. The CBA also requires that the defendant submit a monthly reconciliation statement listing the names of covered employees and the number of hours that they worked. *Id.* ¶¶ 6, 9. Plaintiff alleges that defendant did not make its required contributions or submit reports from June, 2005 to at least the date of the filing of the complaint. *Id.* ¶¶ 10, 16.

On August 2, 2006, Senior United States District Judge Frederic Block determined, based on the well-pleaded allegations in the complaint, that plaintiff had stated a claim under ERISA for unpaid contributions, and referred this matter to me to report and recommend on damages. Docket Entries 7-8. By order dated August 4, 2006, I permitted the plaintiff to make any additional submissions it wished in support of damages by August 25, 2006. Docket Entry 6. Plaintiff did not make any additional submissions.

## Discussion

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993) (holding that damages must be established by the plaintiff). Thus, a court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented

at a hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ.

P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873

F.2d at 40. *See also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d

105, 111 (2d Cir.1997) (holding that a court need not hold an inquest hearing "as long as it [has]

ensured that there was a basis for the damages specified in the default judgment").

With no additional submissions on damages, I have attempted to determine what amounts

plaintiff is entitled to recover based on plaintiff's submission in support of its motion for default

judgment. Plaintiff, in support of its motion, submitted a proposed "Judgment by Default," a

"Statement for Default Judgment" listing the amounts it seeks to recover, an affidavit of counsel

in support of a default judgment ("Pl.'s Aff."), and an affidavit in support of attorney's fees.

Docket Entry 4. In its complaint and affidavit in support of a default judgment, plaintiff seeks

unpaid fringe benefit contributions in an amount to be determined by an audit of the defendant,

$7,319.64 in interest on late paid contributions, $250.00 in costs, and $3000.00 in attorney's fees.

Plaintiff's submissions regarding the unpaid contributions are insufficient to support an

award of damages. Although plaintiff summarizes certain provisions of the CBA in its

complaint, it has submitted neither the agreement itself nor the separate Declarations of Trust

mentioned. *See* Compl. ¶¶ 6-7. It has also failed to submit any audit reports, shop steward

reports, or other documentation to establish that any workers covered by the CBA were employed

by defendant, much less that there remain unpaid contributions due and owing. Nor has plaintiff

provided previous monthly reconciliation statements from which the court might extrapolate

damages. *See Perishable Food Indus. Pension Fund v. Am. Banana Co., Inc.*, 2003 WL

21542316, *3-4 (S.D.N.Y. July 1, 2003). Plaintiff has not even alleged in its affidavit over what

precise time period it claims that contributions were due and owing but not paid. Instead, plaintiff asks for an unspecified "additional amount" of unpaid contributions to be determined by an audit which, apparently, it has not conducted. Pl.'s Aff. at 3. Plaintiff has also not explained how, in light of defendant's default and apparent lack of contact with plaintiff, an audit might be undertaken, or submitted the CBA or other document in which defendant's obligation to submit to an audit might appear.

Plaintiff requests $7,319.64 in interest on delinquent contributions for – again – an unspecified period, and based on only a bald assertion that contributions were paid late. Plaintiff has not provided any documentation illustrating the amount of the late payments, when they were due, when they were finally paid, or how the interest claimed to be due was calculated. Although the interest sought was presumably calculated based on a principal amount, plaintiff has failed to specify it; with respect to interest rate charged, the complaint variously alleges that the applicable rate is "ten (2%) [sic] percent per month," Compl. ¶ 6, or "two percent (2%) *per annum*." Compl. ¶ 20 (emphasis added). Based on these confusing submissions, I recommend that the court decline to grant plaintiff any award of interest at this time.

Plaintiff also seeks $250.00 in costs. Although I presume plaintiff is seeking to recover its filing fee, plaintiff has not identified the specific costs included in this amount or provided documentation indicating that those costs were paid. Thus, I recommend that the plaintiff not be awarded costs.

In sum, I recommend that plaintiff not be awarded any amount, and that no order authorizing an audit be issued, unless plaintiff comes forward with a clear explanation of the damages and relief it seeks that is supported, to the extent possible, by contemporaneous

documentation, and does so during the period provided for objections to this report and recommendation. More specifically, plaintiff should submit any and all relevant collective bargaining agreements, any trust agreements relevant to unpaid contributions, relevant examples of previous monthly reports, remittance forms or other records reflecting or related to unpaid contributions, and an affidavit explaining in precise detail how all amounts sought were calculated. Plaintiff should also submit receipts or records reflecting the costs it incurred and seeks to recover.

Plaintiff has provided a sworn statement to support an award of attorney's fees and an itemized list describing the task, the amount of time spent, and the rate. *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (holding that claims for attorney's fees require an attorney's declaration supported by contemporaneous time records). Although counsel's rate of $250.00 per hour is reasonable, I decline to recommend any award of fees when counsel's confusing and unsubstantiated submission precludes any award in favor of her client. I am willing to reconsider whether attorney's fees should be awarded if, as suggested above, plaintiff submits a clear, well-documented application for damages and other relief within the time allowed for filing objections to this report.

## Conclusion

For the foregoing reasons, I respectfully recommend that plaintiff be denied any damages or other relief, unless plaintiff presents a detailed explanation of the basis for its application, and the supporting documentation indicated above, within the period for filing objections to this report and recommendation. Any objections to the recommendations made in this Report must be filed within ten days of the filing of this Report and Recommendation and, in any event, no

later than June 20, 2007.  Failure to file timely objections may waive the right to appeal the

District Court's Order.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y*

*of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

   Plaintiff is hereby directed to serve copies of this Report and Recommendation upon

defendant at its last known address, and to file proof of service with the Clerk of the Court.


         _____/s/_____

         **Steven M. Gold**
         **United States Magistrate Judge**

**Brooklyn, New York**
**June 6, , 2007**

*U:\JB 2006-2007\Plescia Roofing 060507.wpd*

6