**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
**UNITED UNION OF ROOFERS, WATERPROOFERS**
**& ALLIED WORKERS LOCAL UNION NO. 8**
**W.B.P.A. FUNDS,**

          **Plaintiff,**

  -against-

**PLESCIA ROOFING, INC.,**

          **Defendant.**
-----------------------------------------------------------------------X

**SUPPLEMENTAL REPORT & RECOMMENDATION**
**05-CV-5416 (FB)(SMG)**

*Gold, S., United States Magistrate Judge*

## I. Introduction

  Plaintiff, United Union of Roofers, Waterproofers, and Allied Workers Local Union No. 8 W.B.P.A. Funds ("Funds"), brings this action pursuant to the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. § 1001, *et seq*. against corporate defendant, Plescia Roofing, seeking damages for violation of obligations under a Collective Bargaining Agreement ("CBA"). The Honorable Frederic Block entered a default judgment against defendant for failure to appear or otherwise defend the action and referred this matter to me to report and recommend on damages.

  By report and recommendation dated June 5, 2007 ("June R&R"), I recommended denying plaintiff's application for damages based on the inadequate documentation that plaintiff had submitted to the court at that time. I did state, however, that I would reconsider my recommendation, provided that plaintiff submitted records to support the damages it seeks within the time period allowed for objections to the June R&R. Plaintiff has since submitted an Affirmation in Support of Judgment ("Supplemental Affirmation") and accompanying exhibits.

Docket Entries 10-11. Based on these submissions, I now respectfully recommend awarding damages to plaintiff in the amount indicated below.

## II. Background

The facts and procedural background relating to this case are set forth in the June R&R, familiarity with which is assumed. In short, the complaint alleges that defendant, as a signatory to the CBA, is required to make monthly contributions to certain benefits funds and submit monthly reconciliation statements. Compl. ¶¶ 6-9. The complaint alleges that these obligations were not fulfilled from June of 2005 to date. *Id.* ¶ 10. Plaintiff's Supplemental Affirmation clarifies that, according to the CBA, defendant is required to pay interest at a rate of two percent (2%) per month on any delinquent contributions. Supp. Aff. ¶ 8. Plaintiff states in its Supplemental Affirmation that defendant was delinquent in its required payments from January 2004 to December 2005 and from December 2005 through November 2006. Supp. Aff. ¶ 9. Plaintiff seeks the interest due on these delinquent contributions, plus attorney's fees and costs.[1]

## III. Discussion

Although Judge Block has previously determined that plaintiff has properly pleaded a violation of ERISA under 29 U.S.C. § 1145 and thus established liability for purposes of a default judgment, plaintiff must still come forward with evidence to support the damages award

---

[1] As noted in the June R&R, plaintiff originally also sought an audit of defendant's books to determine unpaid contributions due and owing. However, in the absence of more detail regarding the scope of the audit, I declined to recommend that the court grant plaintiff such relief. Plaintiff's Supplemental Affirmation makes no mention of the audit. Supp. Aff. ¶¶ 5, 11. Because plaintiff has provided no other detail about the audit in its supplemental submissions and its accounting indicates no unpaid contributions due and owing, I assume that plaintiff has not renewed this request. Therefore, I do not take up the matter further in determining the relief plaintiff should be awarded.

it seeks. *Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993). A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. I determine damages based on the documentation that plaintiff has now submitted to the court as set forth below.

*Interest on Delinquent Contributions*

In its Supplemental Affirmation, plaintiff seeks $11,925.77 in interest on delinquent contributions that were due to be paid from January through December 2004 and December 2005 through November 2006. Supp. Aff. ¶ 11(A), Ex. C. ERISA provides for interest on unpaid contributions at the rate provided in the applicable CBA. 29 U.S.C. § 1132(g). In support of this demand, plaintiff has provided an excerpt from the CBA, stating: "*All* delinquent contributions to the Funds and for Local No. 8 Working Dues shall bear interest of two percent per month." CBA, Art. VIII, Supp. Aff., Ex. B (emphasis in original). Plaintiff has provided a fairly specific accounting of each delinquent contribution, including the amount of the contribution, the "months out" or number of months by which it was late, and the interest due on it. Supp. Aff., Ex. C. Plaintiff has also provided monthly employer remittance reports for the months at issue. Supp. Aff., Ex. D. The amounts in these reports correspond to the amounts on which the plaintiff has calculated the interest it seeks, except where plaintiff indicates it has corrected an error of defendant. *See id.*, Exs. C, D.

I nevertheless recommend that plaintiff not be awarded the full amount it seeks, because not all of the interest sought now was demanded in the plaintiff's complaint. Federal Rule of Civil Procedure 54(c) states that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

> The rationale...is that default is tantamount to consent to the entry of judgment, but this consent is effective only to the extent that it was duly informed. If greater relief had been demanded, the defendant might have entered the action and defended on the merits, both as to liability and the requested relief. It would therefore be unjust to award relief greater than that demanded in the judgment by default.

Moore's Federal Practice § 54.71[1] (2006). *See also, In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is true, of course, that Rule 8(a) requires a specification of the relief requested by the plaintiff and that Rule 54(c), and for that matter fundamental fairness, dictate that a judgment by default operates as a deemed admission only as to the relief requested in the complaint."); *Jowers v. DME Interactive Holdings, Inc.*, 2006 WL 1408671, *9 -10 (S.D.N.Y. 2006) (noting the importance of notice to the defendant of damages sought either in the complaint or in the motion for default); *Silge v. Merz*, 2005 WL 2387482, *3 (S.D.N.Y. Sept. 29, 2005), *R&R adopted at* 2006 WL 39632 (S.D.N.Y. Jan. 6, 2006); *Marina B Creation S.A. v. de Maurier*, 685 F.Supp. 910, 912-913 (S.D.N.Y. 1988) (finding that damages awarded upon a defendant's default must be sought in the complaint or, under some circumstances, in the motion for default judgment).

Plaintiff's complaint alleges that defendant failed to make timely contributions from "June 2005 to date" and that defendant owes $7,319.64 in interest on delinquent contributions for an unspecified period of time. Compl. ¶¶ 10, 16, 22. I construe the phrase "to date" as meaning

4

the date of the filing of the complaint, or November 17, 2005. In the *ad damnum* clause of the complaint, plaintiff seeks the "payment of all contributions and interest which are due from June 2005 to date," "$7,319.64 for unpaid interest owed to the plaintiff" for an unspecified period of time, and "[p]ayment...of interest which become[s] due during the pendency of this action." Compl. ¶ 30(A)-(C).

Plaintiff's Supplemental Affirmation and accompanying exhibits reveal that no contributions were paid late between June 2005 and the date of the filing of the complaint. The $7,319.64 demanded in the complaint appears to correspond to the interest on delinquent contributions from January 2004 to December 2004 calculated in Exhibit C of plaintiff's Supplemental Affirmation, which, according to this court's calculations, totals only $7,115.34. *See* Supp. Aff., Ex. C. The $7,319.64 amount demanded in the complaint was also included in the original motion for default judgment submitted to Judge Block. *See* Pl.'s Statement for Default Judgment, Docket Entry 4. The complaint and the motion for default judgment were therefore sufficient to put the defendant on notice that plaintiff sought to recover $7,115.34 in interest due on contributions that were paid late from January to December 2004. Therefore, and in light of plaintiff's supporting documentation, I respectfully recommend awarding plaintiff $7,115.34 in interest due on these delinquent contributions.

The interest plaintiff seeks on delinquent contributions that occurred *after* the filing of the complaint, however, presents a separate problem. Although plaintiff's complaint demands payments of all contributions and interest that become due while the case is pending, a plaintiff cannot seek damages for future violations of a statute – here, in the form of delinquent contributions – that are not plead in its complaint and for which there has been no determination

5

of liability. Indeed, upon entry of default, it is the well-pleaded allegations of the complaint, and only those allegations, that are deemed admitted and give rise to a plaintiff's right to relief. *See Greyhound Exhibitgroup*, 973 F.2d at 158; Fed.R.Civ.P. 8(d). To recover for other violations, a plaintiff must separately plead and give defendant notice of them. *See* Moore's Federal Practice § 55.12[1] ("[T]he court may grant only the relief for which a sufficient basis is asserted in the complaint."). Thus, despite the demand in the complaint for contributions and interest that become due during the pendency of this action, I respectfully recommend that plaintiff not be awarded the interest on delinquent contributions from December 2005 to January 2006 sought for the first time in its Supplemental Affirmation.

*Attorney's Fees and Costs*

Plaintiff seeks attorney's fees and costs and is entitled to them pursuant to 29 U.S.C. § 1132(g)(2)(D). Plaintiff seeks $3000.00 in attorney's fees. To be entitled to attorney's fees, plaintiff must provide a declaration supported by contemporaneous time records. *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). In support of its request, plaintiff did submit an affidavit and time records for 12 hours at $250.00 per hour. Affidavit of Attorney Services and accompanying exhibit, Docket Entry 4. As I stated in the June R&R, I find plaintiff's hourly rate of $250.00 to be reasonable and, based on the supplemental documentation plaintiff has now submitted in support of an award of damages, I respectfully recommend that plaintiff be awarded the $3000.00 it originally sought for attorney's fees.

As noted in the June R&R, plaintiff did not provide any documentation to support the $250.00 in costs that it seeks. The docket sheet, however, plainly indicates that plaintiff paid a

$250.00 filing fee. Docket Entry 1. I therefore recommend that plaintiff's failure to document this expense be overlooked and $250.00 in costs be awarded.

### IV. Conclusion

For the foregoing reasons, I respectfully recommend that plaintiff be awarded $7,115.34 in interest on delinquent contributions, $3000.00 in attorney's fees, and $250.00 in costs, for a total award of $10,365.34. Any objections to the recommendations made in this Report must be filed within ten days of the filing of this Report and Recommendation and, in any event, no later than July 27, 2007. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

Plaintiff is hereby directed to serve copies of this Report and Recommendation upon defendant at its last known address, and to file proof of service with the Clerk of the Court.

_____/s/_____
**Steven M. Gold**
**United States Magistrate Judge**

**Brooklyn, New York**
**July 12, 2007**.

*U:\JB 2006-2007\Plescia R&R2.wpd*